Filed 10/23/20  P. v. Rosales CA4/2
See Dissenting Opinion

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

      Plaintiff and Respondent,

v.

ABRAHAN ROSALES,

      Defendant and Appellant.

E074546

(Super.Ct.No. RIF1606085)

OPINION

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge.  Dismissed.

Jason L. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

INTRODUCTION

Pursuant to a plea agreement, defendant and appellant Abrahan Rosales pled guilty to one count of attempted second degree murder without premeditation.  (Pen. Code, §§ 664,

1

187, subd. (a).)[1]  He also admitted the allegation that he personally and intentionally discharged a firearm during the commission of the attempted murder.  (§ 12022.53, subd. (c).)[2]  A trial court subsequently sentenced him to seven years on the attempted murder conviction, plus 20 years on the firearm enhancement.

Approximately two years later, defendant filed a petition for resentencing, which the court dismissed.

Defendant filed a timely notice of appeal.  We dismiss the appeal.

PROCEDURAL BACKGROUND

Defendant was charged by first amended complaint with attempted premeditated murder.  (§§ 664, 187, count 1.)  The amended complaint also alleged that he personally and intentionally discharged a firearm within the meaning of section 12022.53, subdivision (d).

At a plea hearing on October 16, 2017, the court granted the People's motion to amend the complaint to add count 3, second degree attempted murder without premeditation (§§ 664, 187, count 3)[3] and the allegation that defendant personally and intentionally discharged a firearm during the commission of the attempted murder (§ 12022.53, subd. (c)).  Pursuant to a plea agreement, defendant pled guilty to count 3 and admitted the

_____

[1]  All further statutory references will be to the Penal Code unless otherwise noted.

[2]  We note that the People added, and defendant admitted, the allegation under section 12022.53, subdivision (c)(18).  However, this appears to be an error, since section 12022.53 does not contain a (c)(18) subdivision.

[3]  Count 2 of the amended information charged two co-defendants of being accessories after the fact.  (§ 32.)

2

section 12022.53, subdivision (c) allegation. The court found a factual basis for the plea when defendant admitted in court that he deliberately shot the victim in the face with the specific intent to kill her, and he willfully and intentionally discharged a firearm during the commission of the offense.

On November 14, 2017, the court sentenced defendant in accordance with the plea agreement to seven years on the attempted murder conviction, plus 20 years on the firearm enhancement, for a total of 27 years in state prison.

On November 26, 2019, defendant filed a form petition for resentencing under section 1170.95, in propria persona; however, he wrote "SB 620" on the cover page of the form and attached a typewritten petition, asking the court to recall his sentence and dismiss his firearm enhancement in the interest of justice, pursuant to Senate Bill No. 620.

The court held a hearing on the petition on December 13, 2019. The prosecutor stated, "This case involves only attempted murder." Defense counsel lodged an objection. The court then dismissed the matter.

On January 22, 2020, defendant filed a notice of appeal, stating the basis for the appeal was the "Resentencing Act 1170.95."[4] However, he filed a request for certificate of

---

[4] We note that defendant repeatedly mislabeled his petition as one under section 1170.95, while he argued for resentencing under Senate Bill No. 620. The parties and the court apparently addressed the petition as one under section 1170.95. We view defendant's petition as a motion to recall his sentence and dismiss the firearm enhancement since defendant wrote "SB 620" on the cover page of the form petition and attached a typewritten petition, asking the court to recall his sentence and dismiss his firearm enhancement in the interest of justice, pursuant to Senate Bill No. 620. Defendant appeals the denial of that petition.

probable cause, stating that Senate Bill No. 620 permits courts to dismiss firearm enhancements at sentencing. The court denied the request.

DISCUSSION

After the notice of appeal was filed, this court appointed counsel to represent defendant. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*), setting forth a statement of the case, and identifying one potential arguable issue: whether the court erred in dismissing defendant's section 1170.95 petition. Defendant was offered an opportunity to file a personal supplemental brief, which he has not done. Thus, no claim of error has been raised.

Review pursuant to *Wende*, *supra*, 25 Cal.3d 436, or its federal constitutional counterpart *Anders*, *supra*, 386 U.S. 738, is required only in the first appeal of right from a criminal conviction. (*Pennsylvania v. Finley* (1987) 481 U.S. 551, 555; *Conservatorship of Ben* C. (2007) 40 Cal.4th 529, 536-537 (*Ben C.*); *People v. Serrano* (2012) 211 Cal.App.4th 496, 500-501 (*Serrano*); *People v. Thurman* (2007) 157 Cal.App.4th 36, 45.) The right to *Wende/Anders* review applies only at appellate proceedings where defendant has a previously established constitutional right to counsel. (*Serrano*, at p. 500; *Ben C.*, at pp. 536-537.) The constitutional right to counsel extends to the first appeal of right, and no further. (*Serrano*, at pp. 500-501.) The appeal before us, "although originating in a criminal context, is not a first appeal of right from a criminal prosecution, because it is not an appeal from the judgment of conviction." (*Id.* at p. 501.) While a criminal defendant has a right to appointed counsel in an appeal from an order after judgment affecting his

4

substantial rights (Pen. Code, §§ 1237, 1240, subd. (a); Gov. Code, § 15421, subd. (c)), that right is statutory, not constitutional. Thus, a defendant is not entitled to *Wende/Anders* review in such an appeal. (See *Serrano*, at p. 501 [no *Wende* review for denial of postconviction motion to vacate guilty plea pursuant to section 1016.5].)

Because this appeal concerns a postjudgment proceeding in which there is no constitutional right to counsel, defendant has no right to *Wende*/*Anders* review. Because neither he nor his counsel has raised any claim of error, we dismiss defendant's appeal as abandoned.[5] (*Serrano*, *supra*, 211 Cal.App.4th at pp. 503-504.)

## DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS _____
J.

I concur:


RAPHAEL _____
J.

_____

[5] We note this appeal should also be dismissed because it does not affect defendant's substantial rights. He apparently did not file an appeal from the judgment within 60 days from the date judgment was rendered (November 14, 2017). Thus, the judgment was final. (See *People v. Mendez* (1999) 19 Cal.4th 1084, 1094; see also *People v. Bunn* (2002) 27 Cal.4th 1, 21.) He seeks to challenge the court's December 13, 2019 order denying his motion for resentencing. Because the trial court lacked jurisdiction to modify his sentence, its order denying his motion did not affect his substantial rights and is not an appealable postjudgment order. (*People v. Turrin* (2009) 176 Cal.App.4th 1200, 1208; *People v. Torres* (2020) 44 Cal.App.5th 1081, 1084-1085; § 1170, subd. (d).)

[*People v. Rosales*, E074546]

McKINSTER, J.

I respectfully dissent. I recognize that the court in *People v. Cole* (2020) 52 Cal.App.5th 1023, review granted October 14, 2020, S264278, recently held "that *Wende*'s constitutional underpinnings do not apply to appeals from the denial of postconviction relief . . . ." (*Id.* at p. 1028.) Nonetheless, pursuant to its supervisory authority, *Cole* determined to employ a quasi-*Wende* review to postjudgment cases, giving the defendant the right to file a supplemental brief when defense counsel files a *Wende* brief. The court would then dismiss the case if the defendant failed to file a supplemental brief or would address the issues raised if defendant did file a supplemental brief. (*Cole*, at p. 1028.)

Pursuant to the same supervisory authority, I would elect to conduct a traditional *Wende* review in criminal appeals from the denial or dismissal of postconviction avenues of relief. I agree with the recent decision in *People v. Flores* (2020) 54 Cal.App.5th 266, "that when an appointed counsel files a *Wende* brief in an appeal from a summary denial of a section 1170.95 petition, a Court of Appeal is not required to independently review the entire record, but the court can and should do so in the interests of justice." (*Id.* at p. 269; see *People v. Allison* (2020) 2020 Cal.App. Lexis 925, *7 ["[W]e have the discretion to review the record in the interests of justice."].) Such a procedure provides defendants an added layer of due process while consuming comparatively little judicial resources.

6

Thus, after independently reviewing the record for potential error and finding no arguable issues, I would affirm the judgment.


McKINSTER
Acting P. J.